Case 8:21-cv-00794-JVS-ADS Document 1-2 Filed 04/28/21 Page 1 of 9 Page ID #:40
Electronically Filed by Superior Court of California, County of Orange, 03/22/2021 12:39:47 PM.
30-2021-01191029-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Briana Brown, Deputy Clerk.

MARLIS PARK, P.C.
Young K. Park SB# 287589
 E-Mail: young@marlispark.com
Brent P. Marlis SB# 284654
 E-Mail: brent@marlispark.com
Sang H. Park SB# 290741
 E-Mail: sang@marlispark.com
3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff,
MANUEL MARTINEZ

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF ORANGE

| | |
|---|---|
| MANUEL MARTINEZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota Corporation; and DOES 1 through 50,<br><br>Defendants. | Case No.: 30-2021-01191029-CU-OE-CJC<br>Assigned for All Purposes   Judge Nancy E. Zeltzer<br>COMPLAINT FOR DAMAGES<br><br>1. DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA<br>2. RETALIATION IN VIOLATION OF THE FEHA<br>3. FAILURE TO ACCOMMODATE IN VIOLATION OF THE FEHA<br>4. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA<br>5. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br>DEMAND FOR JURY TRIAL |

- 1 -
COMPLAINT FOR DAMAGES

Plaintiff MANUEL MARTINEZ (hereinafter "MARTINEZ" or "Plaintiff") for his Complaint against Defendant TARGET CORPORATION and DOES 1 through 50 (hereinafter "TARGET" or "Defendant") alleges as follows:

**PARTIES**

1. Plaintiff MARTINEZ is, and at all relevant times was, an individual residing in the County of Orange and employed by Defendant TARGET CORPORATION.

2. On information and belief, TARGET CORPORATION is a corporation existing under the laws of the State of Minnesota, authorized to do business in the State of California, and BOLANOS's employer.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendants, with appropriate charging allegations, when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiff and for damages proximately caused by the conduct of each such Defendants as herein alleged.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

5. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, each defendant was an alter-ego of each and every other defendant. Unity of interest and ownership existed such that the separate personalities each of defendant never existed or ceased to exist. Further, if the acts are treated as those of one of the defendants alone, an inequitable result will follow. Accordingly, Plaintiff alleges that each defendant was an alter-ego of each and every other defendant and vice versa.

6. By way of this lawsuit, Plaintiff seeks to pierce the corporate veil and hold individual Defendant liable for the acts of his alter ego. Individual defendant held and now holds

substantial interest in corporate defendants and should therefore be deemed to be corporate defendants' alter ego. Corporate Defendants were, and now still are, mere shells and naked frameworks which individual Defendant used, and now uses, as a conduit for the conduct of his personal business and/or property affairs and/or obligor for the assumption of obligations and/or liabilities incapable of performance by said corporate and/or entity defendants, which are the obligations and liabilities of individual defendant.

7. Plaintiff is informed and believes and thereon alleges that at all times material herein Defendants employed and continues to employ five (5) or more persons in California and is an employer covered by the Fair Employment and Housing Act ("FEHA") and the California Labor Code.

8. Plaintiff has exhausted her administrative remedies. Plaintiff timely filed charges against Defendant with the California Department of Fair Employment and Housing on March 20, 2021 and received a "Right-to-Sue" notice.

## VENUE AND JURISDICTION

9. This Court has jurisdiction over this matter because Defendant conduct business in, and have substantial contacts, within the State of California. Venue is proper in the County of Orange because Plaintiff performed work for Defendant in the County of Orange.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. MARTINEZ started working for TARGET in 2016 and continued working until his unlawful termination on or around August 19, 2020.

11. MARTINEZ was responsible for loading and unloading trucks and re-stocking merchandise. At some point in early September 2019, MARTINEZ injured his right arm at work.

12. MARTINEZ reported his injury to his supervisor Baltazar [last name unknown] ("Baltazar") and was sent to Kaiser where he received X-Rays and an MRI, which revealed multiple torn tendons. Then another supervisor Jorge [last name unknown] ("Jorge") completed paperwork and sent MARTINEZ to TARGET's doctor. MARTINEZ received restrictions of no lifting more than 25 pounds and provided the restrictions to Jorge.

13. The work restrictions were not respected and MARTINEZ returned to work performing the same job duties.

14. MARTINEZ frequently complained to his supervisors Baltazar, Jorge and Ricardo [last name unknown] that he was not permitted to lift heavy weight. However, his complaints were ignored and his supervisors instead told him to perform the work carefully.

15. MARTINEZ initially received physical therapy as treatment for his injury. Subsequently, MARTINEZ visited TARGET's doctor for checkups where he would receive renewed work restrictions. He then provided the restrictions to HR in person.

16. Around October 2019, MARTINEZ received a steroid injection in his arm. He was then offered surgery, but was not in a suitable physical condition to undergo surgery.

17. In May 2020, a MARTINEZ's supervisor Jorge sent MARTINEZ to unload heavy items. MARTINEZ reminded the supervisor that he's restricted from lifting heavy weight. In response, Jorge again instructed him to do it carefully.

18. In August 2020, MARTINEZ gave his latest work restrictions to a receptionist in human resources.

19. Around the same time, MARTINEZ offered to pay for a coworker's meal. The coworker then accused MARTINEZ of sexual harassment. On information and belief, TARGET subsequently conducted an investigation which was used as a pretext for MARTINEZ's termination.

20. The true reason TARGET terminated MARTINEZ's employment was because of his physical disability. Defendant did not engage MARTINEZ in a timely interactive process to determine whether reasonable accommodations could be made. Instead, TARGET terminated MARTINEZ's employment.

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION
### [Govt. Code §§ 12940(a) et seq.]
### (Against All Defendants)

21. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

22. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 et seq., was in full force and effect and binding on Defendants. These statutes make it unlawful to discriminate against an employee on-the-basis of a disability.

23. Defendants discriminated against Plaintiff on-the-basis of Plaintiff's disability by terminating his employment because of his physical disability.

24. As a proximate result of Defendant's willful, knowing and intentional discrimination of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

25. As a proximate result of Defendant's willful, knowing and intentional discrimination of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

26. Plaintiff is informed and believes and thereon alleges that Defendant's actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendant's managing agents and/or ratified by Defendant. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial as well as attorneys' fees.

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE FEHA

[California Government Code § 12940]

(Against All Defendants)

27. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

28. At all times herein mentioned, Cal. Gov. Code §§ 12940 et seq. ("the FEHA") was in full force and effect and binding on Defendant. Accordingly, Defendant was required to refrain from retaliating against Plaintiff for engaging in activities protected under the FEHA, including but not limited to, taking a medical leave, requesting medical leave and/or taking time off to recover from an injury.

29. Defendant's conduct described above is in violation of various statutes of this state, including but not limited to, California Government Code § 12940(m). Plaintiff engaged in protected activities and was subsequently terminated for doing so.

30. As a direct and legal result of Defendant's retaliation against Plaintiff, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to, substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, in an amount according to proof.

31. The retaliation described herein was wrongful and justifies the imposition of punitive damages since the retaliation was against public policy. Defendant committed the acts herein maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights by retaliating against Plaintiff after he was injured. Moreover, Plaintiff is informed and believes and thereon alleges that Defendant had in place policies and procedures that specifically required Defendants' managers, officers, and agents, to prevent retaliation against employees for exercising their rights under the FEHA. Defendant's managers, officers and/or agents were aware of Defendant's policies and procedures requiring Defendant's managers, officers and agents to prevent retaliation against and upon employees of Defendant for exercising their rights under FEHA. However, Defendant's managers, officers, and/or agents, chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Plaintiff should therefore be awarded exemplary punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct. Based on the foregoing, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof.

## THIRD CAUSE OF ACTION
## FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA
### [Govt. Code § 12940(m)]
### (Against All Defendants)

32. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

33. Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process with an employee it believes has a disability or who, in fact, has a disability, to determine if that employee needs reasonable accommodations to perform the job.

34. By engaging in the course of conduct as alleged above, Defendant failed to provide Plaintiff with reasonable accommodations and it failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations to the extent he needed them in violation of the applicable provisions of Government Code §§ 12940 et seq.

35. As a proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff, as a result of Defendant's failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

36. As a proximate result of Defendant's willful, knowing and intentional discrimination against Plaintiff, as a result of Defendant's failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof. Plaintiff is further entitled to recover attorneys' fees pursuant to the provisions of Government Code §§ 12940 et seq.

## FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### [California Government Code § 12940(n)]

### (Against All Defendants)

37. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

38. As described herein, Defendant failed to engage in a good-faith interactive process with Plaintiff to determine wither it would be possible to implement effective reasonable accommodations.

39. As a proximate result of Defendant's failure to engage in a good-faith interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits. Plaintiff has further suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

- 7 -
COMPLAINT FOR DAMAGES

40. Plaintiff is further entitled to recovery attorneys' fees pursuant to the provision of Government Code §§ 12940 et seq.

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

41. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

42. As described herein, Plaintiff's employment was terminated in violation of the fundamental public policies of the State of California including those set out in the California Fair Employment and Housing Act and the California Constitution. Specifically, Plaintiff's employment was terminated in violation of the Labor Code/FEHA as described above and in violation of the public policy set forth in Government Code § 12950.1.

43. As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff lost and will continue to lose income and other benefits in an amount to be proven at trial. Plaintiff seeks back pay, front pay, and all other appropriate remedies. Plaintiff also incurred attorneys' fees and thereby claims such amount as damages, together with pre-judgment interest.

44. Because the acts taken toward Plaintiff by Defendants were deliberate, malicious and undertaken to injure Plaintiff, Plaintiff requests an assessment of punitive damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(a) For general, special, compensatory damages;

(b) For exemplary and punitive damages;

(c) For emotional distress damages;

(d) For reasonable attorneys' fees;

(e) For pre-judgment and post-judgment interest at the maximum legal rate;

(f) For costs of suit incurred;

(g) For such other and further relief as the Court deems just and proper.

DATED: March 18, 2021                    MARLIS PARK, P.C.

By: _____
Young K. Park
Brent P. Marlis
Sang H. Park
Attorneys for Plaintiffs,
MANUEL MARTINEZ